DEL TORO *v.* ARAMBARRY ET AL.

APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 97.—Resuelto en abril 4, 1904.

DESAHUCIO—CONTRA QUIÉN PROCEDE.—La acción de desahucio procede contra los que posean la finca sin pagar merced alguna, siempre que sean requeridos para que la desocupeen con un mes de anticipación.

ID.—OPOSICIÓN.—El juicio de desahucio no es el adecuado para discutir cuestiones referentes al derecho de los demandados a poseer la finca objeto del mismo.

COSTAS.—Dictada una sentencia a favor del demandante *sin especial condenación de costas,* deberá quedar subsistente tal pronunciamiento, si el demandante no hubiera apelado contra la sentencia ni se hubiera adherido al recurso interpuesto por los demandados.

### EXPOSICIÓN DEL CASO.

En el juicio seguido ante el Tribunal de Distrito de Arecibo por Don Juan del Toro y Cancel contra Don Pedro Arambarry y Doña Ramona Cruz, sobre desahucio, juicio pendiente ante nos a virtud de recurso de apelación interpuesto por los demandados contra la sentencia pronunciada en dicho juicio, habiendo representado y dirigido ante esta Corte Suprema a los apelantes el Letrado Don Jacinto Texidor, y a la parte apelada el Letrado Don Félix Santoni.

*Resultando:* que la expresada sentencia, dictada en veinte y nueve de julio del año próximo pasado, copiada a la letra dice:

"*Sentencia,* número 19. En Arecibo a 29 de julio de 1903. *Visto* ante ésta corte de distrito en juicio oral y público la demanda de desahucio por precario instada por el Licenciado Don Félix Santoni Rodríguez, a voz y nombre de Don Juan del Toro y Cancel, mayor de edad, agricultor, vecino de Utuado,(*) contra Don Pedro Arambarry y Doña Ramona Cruz, vecinos de Hatillo, representados y dirigidos en este juicio por el Letrado Don Simón Largé Aquilué.

"1. *Resultando:* que con fecha 20 de abril último, el Licenciado

Don Félix Santoni, a nombre de del Toro, presentó ante este tribunal demanda de desahucio en precario contra Don Pedro Arambarry y Doña Ramona Cruz, vecinos de Hatillo, fundándola en que en escritura otorgada en esta villa el 7 de septiembre de 1900, Don Juan del Toro y Cancel adquirió por compra a Don Joaquín Sánchez Chirino una casa de altos y bajos, con aljibe en el patio, sin número, que mide 14 metros de frente por 16 de fondo, enclavada en un solar del poblado de Hatillo, que mide 14 metros de frente por 24 de fondo, radicando dicha casa en la acera Norte de la plaza de dicho suprimido municipio, y lindante al Norte, que es la espalda, con ejidos; al Este, que es la derecha, con la calle de la Soledad; al Oeste, izquierda, con casa de Doña Paulina León; que la compraventa se efectuó por la suma de $720, traspasando el vendedor, en favor del comprador, el dominio de la reseñada finca; y que habitan el descrito predio, en precario, sin pagar merced, los demandados Don Pedro Arambarry y Doña Ramona Cruz, a pesar del requerimiento que se les ha hecho para que la desocuparan, dejándola a la libre disposición de su representado, en el término de un mes que ya ha transcurrido.

"2. *Resultando:* que como fundamentos de derecho alegó las prescripciones de la Ley de Enjuiciamiento Civil acerca del desahucio por precario, y las sentencias del Tribunal Supremo acerca de la procedencia de la acción, y terminó suplicando se declare con lugar su demanda con las costas a los demandados.

"3. *Resultando:* que con la demanda acompañó la escritura notarial de dominio de la finca a favor de Don Juan del Toro, inscrita en el registro de la propiedad y las diligencias de requerimiento previo a los demandados llevadas a efecto en el juzgado municipal de Camuy.

"4. *Resultando:* que citadas las partes a una comparecencia ante esta corte de distrito, comparecieron el Licenciado Santoni a nombre del demandante y el Licenciado Largé por los demandados, y como éste se opusiera a los hechos de la demanda, confiriósele traslado, que evacuó, manifestando: que allá por fines del año 1893, o a principios del 1894, un tal Tomás Rodríguez, vecino del entonces pueblo de Hatillo, (*) dueño de una casa vieja radicada en ese pueblo, convino con Don Pedro de Arambarry, constructor de obras, en que éste derribase por hallarse en mal estado, levantándola de nuevo dicha casa, derribo y reedificación que se comprometió a hacer Arambarry a todo costo y con recursos propios, como lo verificó, bajo la condición de que Rodríguez le reembolsara en todo el mes de diciembre del citado año 1894, con el de su trabajo, el importe de todo lo que en tales obras

gastara o invirtiera, en todos conceptos, cuyos desembolsos y trabajos que éste precisaba, no podía hacer Rodríguez de momento, por carecer de recursos; que conviniéndole el negocio a su representado, puso éste en consecuencia manos a la obra, levantando y reedificando la casa, de altos y bajos, y llegada la época del pago que debía hacer Rodríguez a Arambarry, con arreglo a lo estipulado, careciendo aquél de recursos para efectuarlo, acordaron ambos en ceder o pasar a éste los derechos dominicales que Rodríguez tenía en la casa reedificada por Arambarry, en pago de lo por éste invertido en la mencionada obra a virtud del negocio indicado, y cuyo importe le adelantara su representado, sin que el cedente les otorgara la correspondiente escritura por causa ajena a la voluntad de Arambarry; que dueño Don Pedro Arambarry de la casa reedificada con todo cuanto encierra y se le une, la ha venido disfrutando y poseyendo en tal concepto desde el propio año 1894, y en ella vive actualmente, pagando con ese carácter desde entonces las respectivas contribuciones al Estado, provincia y municipio, y haciendo en ella cuantos gastos y reparaciones su cualidad de dueño le exigiera; que la casa vieja de poco valer y en mal estado, puede decirse que se ha hecho de nuevo, reedificándose e introduciéndose en ella mejoras por cerca de mil pesos; y que Arambarry ha poseído constantemente y sin interrupción de ninguna especie desde su adquisición, y hoy posee esa casa a título de dueño y no a precario, llevando cerca de nueve años en esa posesión.

"5. *Resultando:* que como fundamentos de derecho adujo las prescripciones del Código Civil relativas al dominio y a la perfección de los contratos, la Ley de Enjuiciamiento Civil en cuanto a la tramitación y la Orden General No. 118 de 1899.

"6. *Resultando:* que abierto el juicio a pruebas, el demandante presentó una escritura notarial de venta con pacto de retro de la finca urbana objeto del desahucio, otorgada por Don Tomás Rodríguez a favor de Don Joaquín Sánchez, por 1,200 pesos, moneda especial, en 7 de mayo de 1885 y testimonio del acto de (*) juicio verbal celebrado en el juzgado municipal de Hatillo por Don Ramón Alonso con Don Pedro Arambarry; y los demandados una certificación del Tesorero, creditiva de que Arambarry pagaba contribución por una casa en Hatillo y duplicado recibo de contribuciones pertenecientes a la misma casa y por el segundo semestre de 1901.

"7. *Resultando:* que celebrado el juicio oral con asistencia sólo del letrado representante de Don Juan del Toro Cancel, a pesar de haber sido citados en forma los demandados, el demandante renun-

ció la prueba de posiciones que había de absolver el demandado Aram-barry por no haber comparecido éste; y concedídale la palabra al abogado concurrente, informó en apoyo de su demanda, votándose después este juicio por unanimidad de los jueces.

"8. *Resultando:* que se han observado las formalidades legales.

"Siendo ponente el Juez Presidente Don Felipe Cuchí Arnau.

"1. *Considerando:* que la acción de desahucio se funda en el dominio de los bienes que se trata de desahuciar, y apareciendo de la escritura de 7 de septiembre de 1900 inscrita en el Registro de la Propiedad de Arecibo, que el demandante Don Juan del Toro compró a Don Joaquín Sánchez por precio cierto la finca urbana que hoy ocupan los demandados, sin pagar alquiler, claro está que su acción es perfectamente legal y en su ejercicio se ajusta a las prescripciones del derecho.

"2. *Considerando:* que el único requisito que el demandante tenía que llenar para poder ejercitar su acción de desahucio contra los demandados, era el de aviso o requerimiento previo para el desalojo, que la Ley de Enjuiciamiento Civil en el párrafo 3 de su artículo 1563 exige con un mes de antelación, cuando se trata de una finca dada en precario, y según aparece de la certificación del juzgado municipal de Camuy, el requerimiento se hizo en la persona de los demandados, el 20 de marzo último, un mes largo antes de presentarse la demanda por el demandante, que lo fué en 24 de abril siguiente.

"3. *Considerando:* que aun en la hipótesis de que las alegaciones hechas por los demandados, al contestar la demanda, y no ratificadas ni probadas en el juicio oral referentes a su derecho a poseer la finca desahuciada fueren admisibles, no es éste el juicio apropiado para discutirlas, sino el declarativo por los trámites que previene la Orden General No. 118 de 1899. (*)

"4. *Considerando:* que el hecho de no haber acudido al juicio oral los demandados a continuar oponiéndose a las pretensiones del demandante, demuestra la no existencia de temeridad por su parte, y no debe hacerse en consecuencia, especial condenación de costas.

"*Vistos* los artículos 356 y 1474 del Código Civil Revisado, los 371, 1562, 1563, 1587 y 1592 de la Ley de Enjuiciamiento Civil.

"*Fallamos:* que debemos declarar y declaramos con lugar la demanda de desahucio entablada; y en su consecuencia condenamos a Don Pedro Arambarry y Doña Ramona Cruz, a desalojar en el término de 15 días la casa que habitan en Hatillo de la propiedad de Don Juan del Toro Cancel, dejándola a la libre disposición de éste;

apercibidos de lanzamiento si no lo verifican, sin especial condenación de costas. Lo pronunciamos, mandamos y firmamos: Felipe Cuchí, Carlos Franco Soto, Otto Schoenrich.''

*Resultando:* que contra esa sentencia interpuso la representación de Don Pedro Arambarry y Doña Ramona Cruz recurso de apelación que les fué admitido, y elevados los autos a esta Corte Suprema, previa citación y emplazamiento de las partes, se dió al recurso la tramitación prevenida por la ley, señalándose día para la vista, que tuvo lugar sin asistencia de los letrados de las partes recurrente y recurrida.

Abogado de los apelantes: *Sr. Texidor.*

Abogado del apelado: *Sr. Santoni.*

EL JUEZ ASOCIADO SR. HERNÁNDEZ, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Aceptando* los fundamentos de hecho de la sentencia apelada y las tres primeras consideraciones de derecho.

*Considerando:* que contra la sentencia de la Corte de Distrito de Arecibo, en cuanto ordena se entiendan las costas sin especial condenación, no ha interpuesto recurso de apelación la parte demandante, ni tampoco sobre este punto se ha adherido al interpuesto por los demandados, debiendo por tanto quedar subsistente aquel pronunciamiento por ministerio de la ley.

*Fallamos:* que debemos confirmar y confirmamos la sentencia (*) que dictó el Tribunal de Distrito de Arecibo en veinte y nueve de julio del año próximo pasado, con las costas del recurso a cargo de los apelantes; y devuélvanse los autos a dicho tribunal con la certificación correspondiente.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Figueras, Sulzbacher y MacLeary.